Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDI BEATTY, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| NATIONAL CHECK | ) **COLLECTION PRACTICES ACT,** |
| PROCESSING, LLC; and | ) **AND INVASION OF PRIVACY** |
| MICHELLE D. TURNER, an | ) |
| individual, | ) |
| | ) |
| Defendants. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.  Plaintiff, Wendi Beatty ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.  At all relevant times herein, Defendant, National Check Processing, LLC ("Defendant NCP") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).  Defendant NCP regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

5.  At all relevant times herein, Defendant, Michelle D. Turner ("Defendant Turner") was owner of Defendant NCP.  As an officer, shareholder and/or director of Defendant NCP, Defendant Turner was responsible for the overall success of the company. Defendant Turner is a "debt collector" as defined

by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): she materially participated in collecting debt by occupying a position of critical importance to Defendant NCP's business; as the owner of Defendant NCP, she exercised control over the affairs of a debt collection business; and she was regularly engaged, albeit more often indirectly than directly, in the collection of debts through her involvement in Defendant NCP's affairs and Defendant Turner continued to play a key role in maintaining and expanding Defendant NCP's debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

5.   At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant NCP contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.   On more than one occasion, Defendant contacted Plaintiff at a phone number primarily associated with her work, in an attempt to collect an alleged debt.

7.   On at least one occasion, Defendant threatened that non-payment of the alleged debt would result in the arrest of Plaintiff, including but not limited to, one occasion where Defendant contacted Plaintiff at work demanding that

Plaintiff remit $828.00 as payment towards the alleged debt within the hour or she would be arrested at work.

8.      Defendant has falsely accused Plaintiff of money laundering and internet fraud, in connection with an attempt to collect an alleged debt.

9.      On more than one occasion, Defendant contacted Plaintiff's parents, and co-workers, for purposes beyond obtaining location information and has disclosed personal information regarding the alleged debt owed by Plaintiff.

10.     Defendant NCP's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));
b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));
c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));
d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
e) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));
f) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));
g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

h) In connection with collection of a debt, using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of Plaintiff (§1692d(1));
i) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2));
j) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§1692d(2));
k) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
l) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));
m) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6));
n) Using false, deceptive, or misleading representations or means in connection with collection of a debt (§1692e))
o) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));
p) Falsely representing that an individual is an attorney (§1692e(3));
q) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
r) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5))
s) Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff (§1692e(7));
t) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including … (§ 1692e(10)
u) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f))
v) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

    w) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

    x) Threatening that the failure by Plaintiff to pay Plaintiff's consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code §1788.10(b));

    y) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

    z) Communicating with Plaintiff's employer regarding Plaintiff's consumer debt, where such a communication was not necessary to the collection of the debt, and where Plaintiff had not consented in writing to such communication (Cal Civ Code §1788.12(a));

    aa) Communicating information regarding a consumer debt to a member of Plaintiff's family prior to obtaining a judgment against the debtor, where the purpose of the communication was not to locate the debtor and neither Plaintiff nor Plaintiff's attorney consented to the communication (Cal Civ Code §1788.12(b)); and

    bb) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j)).

11. Defendant Turner as owner of Defendant NCP is directly responsible for Defendant NCP's violations.

7. Defendant NCP's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive

to a reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant NCP's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.  Defendant NCP's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant NCP and Defendant Turner (collectively "Defendants") are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS**

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA;
    B. Actual damages;
    C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS AS TO BOTH DEFENDANTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 20th day of October, 2010.

                            By: _/s Todd M. Friedman_____
                                  **TODD M. FRIEDMAN (216752)**
                                  **Attorney for Plaintiff**